**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Jaime DAVID, Defendant–Appellant.**

**No. 92–5865.**

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1995.

Decided June 29, 1995.

**ARGUED:** Raymond Archie Carpenter, Jr., Boone, Beale, Carpenter & Cosby, Richmond, VA, for Appellant. Thomas Linn Eckert, Asst. U.S. Atty., Roanoke, VA, for Appellee. **ON BRIEF:** David E. Boone, Boone, Beale, Carpenter & Cosby, Richmond, VA, for Appellant. E. Montgomery Tucker, U.S. Atty., Roanoke, VA, for Appellee.

Before WIDENER, HALL and WILKINS, Circuit Judges.

Affirmed by published opinion. Judge WIDENER wrote the opinion, in which Judge HALL and Judge WILKINS joined.

## OPINION

WIDENER, Circuit Judge:

Jaime I. David appeals the 262 month sentence he received upon pleading guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. David contends that the district court erred in finding as a matter of law that David breached his plea agreement by fleeing the country before his sentencing hearing. Finding no error, we affirm.

David's plea agreement allowed that if he provided substantial assistance by offering full, voluntary, and truthful cooperation, and by abiding with any reasonable requests of the case agents or the United States Attorney's Office, the government, in turn, would move for a downward departure for substantial assistance under the United States Sentencing Commission, Guidelines Manual § 5K1.1 (Nov.1992). During the hearing on January 6, 1992, at which David pleaded guilty, the government stated that it anticipated making a substantial assistance motion at the sentencing hearing, recommending 120 months incarceration rather than the guidelines range of 235–93 months.

After he entered his plea, David was released on bail in order to further assist the government in apprehending a fugitive codefendant. Prior to the sentencing hearing scheduled for March 20, 1992, David jumped bail and returned to his former family home, Honduras. David returned to the United States to face sentencing only upon learning that the government had instituted proceedings against his parent's house, posted as collateral for David's bond.

At the sentencing hearing on December 4, 1992, the government acknowledged that David had provided substantial assistance by being available and willing to testify against his codefendants, who subsequently pleaded guilty. However, the government refused to make the 5K1.1 motion, arguing that David's bail jumping was a breach of the plea agreement which freed it of the obligation to make the motion. David argued that he had provided substantial assistance and that his failure to appear for sentencing was not a sufficient reason to withhold making the 5K1.1

motion. The district court found as a matter of law that the United States was justified in refusing to make the substantial assistance motion, and sentenced David to 262 months for the cocaine charge. David also pleaded guilty to a new charge for failure to appear for sentencing and received an additional month, to be served consecutively, for that charge.

David appeals, seeking enforcement of the plea agreement. The government and David do not dispute the facts in this case. The parties stipulated in the district court that David rendered substantial assistance to the government. The only reason for the government's refusal to make the 5K1.1 motion was David's bail jumping and failure to appear for sentencing. Thus, the only issue on appeal is whether the government was obligated under the agreement to make the substantial assistance motion and recommend a sentence of 120 months based on David's substantial assistance, despite the fact that David had jumped bail, fled the country, and failed to appear for sentencing.

Sentencing Guidelines § 5K1.1 provides that a district court may depart from the guidelines based on a defendant's substantial assistance only upon motion of the government. *United States v. Francois*, 889 F.2d 1341, 1343 (4th Cir.1989), *cert. denied*, 494 U.S. 1085, 110 S.Ct. 1822, 108 L.Ed.2d 951 (1990). The government has the power, but not the duty, to make such a motion when a defendant has rendered substantial assistance. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992). However, once the government induces a defendant to plead guilty in exchange for a promise of a 5K1.1 motion, the government's discretion is subject to the terms of the plea agreement. *United States v. Conner*, 930 F.2d 1073, 1075 (4th Cir.), *cert. denied*, 502 U.S. 958, 112 S.Ct. 420, 116 L.Ed.2d 440 (1991). In the context of a plea agreement, the district court must determine if the government has agreed to make the motion in return for substantial assistance, and if so, whether the defendant has lived up to his obligations under the plea agreement. 930 F.2d at 1075.

In this case, the government concedes that David rendered substantial assistance

and that the U.S. Attorney would have been obligated to recommend a downward departure to a sentence of 120 months if David had not jumped bail and appeared for sentencing. The government argues that by jumping bail and failing to appear for sentencing, David violated an implicit term of the plea agreement, which removed the government's obligation to move for a downward departure. We agree.

The plea agreement between David and the government does not address the effect David's absconding would have on the government's obligations under the agreement. Nevertheless, we are of opinion that implicit in every such plea agreement is the defendant's obligation to appear for sentencing at the time appointed by the district court. By jumping bail and failing to appear, David violated the plea agreement and the government's obligation to move for a downward departure based on substantial assistance ended.

The sentence imposed by the district court is accordingly

*AFFIRMED.*