**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 94-5492

MICHAEL BLAKELY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-93-36)

Submitted: February 7, 1996

Decided: February 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, John Stuart Bruce, Dep-
uty Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Mark T. Calloway, United States Attorney, Kenneth D. Bell,
First Assistant United States Attorney, Thomas G. Walker, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Blakely pled guilty in 1994 to conspiracy to possess with intent to distribute and to distribute heroin, 21 U.S.C. § 846 (1988) and money laundering 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956 (a)(1)(B)(i) (1988). He contends that the district court erred in granting the government's motion to rescind the plea agreement on the grounds that he had materially breached the terms of that agreement. We affirm.

Blakely was indicted in February 1993 for multiple counts of drug trafficking and money laundering. In August 1993, Blakely entered into a plea agreement with the government in which he agreed to plead guilty to Counts One and Four. Provision (3) of the plea agreement provided that "[i]n the event the defendant fails to strictly follow this Plea Agreement, the said Agreement shall become null and void, except that the plea of guilty by the defendant and the resulting guilty verdict shall stand." One of the conditions stated in the plea agreement was that "[t]he defendant shall not violate any federal, state or local law, or any order of any court including any conditions of pre-trial release."

In January 1994, the government filed a motion to declare the plea agreement null and void on the grounds that Blakely had violated state and federal law three times; specifically, that he was arrested in April 1993 for second degree trespass and that he was arrested twice in December 1993, once for gambling and once for two counts of trafficking in heroin. At Blakely's sentencing hearing, the district court found that there was unrefuted evidence that Blakely had violated the terms of the plea agreement and rescinded the agreement. Blakely appeals, maintaining that the district court erred by relieving the government from its obligation to file a motion for a downward departure. United States Sentencing Commission, Guidelines Manual § 5K1.1 (Nov. 1994).

2

Because Blakely materially breached the terms of the plea agreement, the government was no longer obligated to move for a downward departure based upon that agreement. See United States v. David, 58 F.3d 113 (4th Cir. 1995); see also United States v. West, 2 F.3d 66, 69 (4th Cir. 1993) (defendant who breaches terms of plea agreement forfeits any right to its enforcement). Although we grant Blakely's motion to file a supplemental appendix, the sentence imposed by the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED