**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 96-4186

LASHAN DENEICE MILLER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-95-3-V)

Submitted: November 21, 1996

Decided: December 9, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sharon D. Jumper, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Kenneth M. Smith, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lashan Deneice Miller pled guilty to conspiracy to commit credit card fraud, in violation of 18 U.S.C. § 371 (1994). She contends that the district court erred by allowing the Government to rescind the plea agreement on the ground that she had materially breached the terms of that agreement and in failing to grant her a two-level reduction for acceptance of responsibility under United States Sentencing Commission, Guidelines Manual, § 3E1.1 (Nov. 1994). Finding no reversible error, we affirm.

Miller was indicted in January 1995 for multiple counts of credit card fraud. In May 1995, Miller entered into a plea agreement with the government in which she agreed to plead guilty to conspiracy to commit credit card fraud. Paragraph seventeen of the plea agreement provided that "[t]he defendant understands that if he [sic] violates this agreement, any federal, state or local law, or any order of any court, including any condition of pre-trial, pre-sentence, or post-sentence release, the United States may void this agreement, and that the defendant's plea of guilty and the resulting guilty verdict will stand."

In September 1995, the Government informed Miller by letter that it considered the plea agreement null and void on the basis of her continuing criminal activity and that it did not consider her to be entitled to any benefits of the plea agreement. The Government then moved to revoke Miller's bond. The Government contended that Miller continued to engage in fraudulent criminal activity and committed several additional violations of state and federal law. In support of the Government's motion to revoke Miller's bond, FBI Agent Mueller submitted an affidavit to the district court reciting that her investigation revealed that Miller deposited checks into her open checking account drawn on an account from another bank that she had closed, provided false information to car dealerships attempting to obtain financing for a new car, used a fraudulent social security number on various credit applications, and furnished checks to a car dealership drawn on her closed account to serve as a down payment. The district court denied the motion to revoke Miller's bond.

2

At Miller's sentencing, she admitted that after she pled guilty, she kited checks, presented a false social security card, and passed checks written on a closed account. The district court found unrefuted evidence that Miller had violated the terms of the plea agreement. As a result, the district court rescinded Miller's plea agreement and refused to award a two-level reduction for acceptance of responsibility. Miller appeals, maintaining that the district court erred by relieving the government of its obligation to request a two-level reduction for acceptance of responsibility.

We find that the district court did not clearly err in its finding that Miller materially breached the terms of her plea agreement. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991) (setting standard). Therefore, the Government was no longer obligated to move for the reduction based upon that agreement. See United States v. David, 58 F.3d 113, 114 (4th Cir. 1995); see also United States v. West, 2 F.3d 66, 69 (4th Cir. 1993) (defendant who breaches terms of plea agreement forfeits any right to its enforcement). Further, based on Miller's continued criminal activity, the district court did not err in denying her request for an acceptance-of-responsibility reduction. See United States v. Harris, 882 F.2d 902, 905-06 (4th Cir. 1989).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3