UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4097

RANDY EUGENE WOODWARD, a/k/a
Brandon Carrington,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-30, CR-97-51)

Submitted: August 11, 1998

Decided: September 10, 1998

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Yvonne T. Griffin, TUCKER & GRIFFIN, Charlottesville, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Ruth E.
Plagenhoef, Assistant United States Attorney, Mara L. Leiding, Third
Year Law Student, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Randy Eugene Woodward appeals his 210-month sentence imposed upon pleading guilty to distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994), and failing to appear in violation of 18 U.S.C. § 3146(a)(1) (1994). Woodward's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), contending that the government breached the plea agreement by refusing to move for a downward departure for substantial assistance under U.S. SENTENCING GUIDELINESMANUAL § 5K1.1, p.s. (1995), but stating that, in her view, there are no meritorious grounds for appeal. Woodward was informed of his right to file a pro se supplemental brief but has not done so. After a thorough review of the record, we affirm Woodward's convictions and sentence.

Woodward was indicted for the drug offense and agreed to plead guilty pursuant to a written plea agreement containing a provision that the government, in its discretion, could (but was not required to) move for a downward departure if Woodward provided substantial assistance. Woodward met with authorities and participated in several sting operations that resulted in convictions. Before Woodward entered his plea, however, he jumped bail. When authorities arrested Woodward a year later, he was indicted for failing to appear at his plea hearing.

Woodward entered new guilty pleas to distribution of cocaine base and failing to appear. Neither plea agreement contained a provision regarding substantial assistance. At sentencing, Woodward contended that the government breached its agreement to move for a downward departure under USSG § 5K1.1, p.s. He testified that at several meetings with federal agents regarding his assistance before he jumped bail, he was promised a § 5K1.1 motion. Although government witnesses conceded that Woodward had provided substantial assistance,

2

they testified that they spoke to Woodward in general terms about how his cooperation might benefit him.

On appeal, Woodward's counsel asserts that the district court erred in finding that the government had not agreed to move for a downward departure based on substantial assistance under USSG § 5K1.1, p.s. Based on the testimony presented at the sentencing hearing and the fact that there was no provision regarding substantial assistance in the plea agreements accepted by the district court, the court's finding that there was no agreement by the government to move for a downward departure under USSG § 5K1.1, p.s., was not clearly erroneous. See United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996) (stating standard of review).

In the absence of a government motion, a sentencing court cannot grant a downward departure for substantial assistance unless the government has committed itself in a plea agreement to do so or defendant establishes that the government's refusal to make such a motion was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Woodward made no suggestion of an unconstitutional motive. Finally, assuming, arguendo, that the government was obligated to move for a downward departure for substantial assistance, the government was released from its obligation when Woodward jumped bail and failed to appear in court. See United States v. David, 58 F.3d 113, 115 (4th Cir. 1995).

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Accordingly, we affirm the convictions and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3