**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4345

BILLY RAY DAVIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-776)

Submitted: January 5, 1999

Decided: January 22, 1999

Before ERVIN, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Wm. Reynolds Williams, WILLCOX, MCLEOD, BUYCK & WIL-
LIAMS, Florence, South Carolina, for Appellant. J. Rene Josey,
United States Attorney, Alfred W. Bethea, Jr., Assistant United States
Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Billy Ray Davis pled guilty to conspiracy to possess cocaine with intent to distribute. In his plea agreement, Davis agreed to provide full and truthful information to the Government in its investigation of illegal drug activities; he specifically agreed to submit to polygraph examinations as required by the Government. In return, the Government agreed to make a motion for a downward departure under U.S. Sentencing Guidelines, § 5K1.1, p.s. (1997), if it is determined that Davis had provided substantial assistance. On appeal, Davis only alleges that the district court erred by not requiring the Government to make a § 5K1.1 motion. For the reasons that follow, we affirm.

We review a district court's denial of a motion to compel the Government to make a motion for a downward departure for clear error. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). In the absence of a government motion, a sentencing court cannot grant a downward departure for substantial assistance unless the government has committed itself in a plea agreement to do so or defendant establishes that the Government's refusal to make such a motion was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). The Government's obligation to move for a downward departure for substantial assistance is released when a defendant breaches the agreement. See generally United States v. David, 58 F.3d 113, 115 (4th Cir. 1995). Also, the party alleging a breach must prove it by a preponderance of the evidence. See Conner, 930 F.2d at 1076.

Davis was initially told that he passed his polygraph examination. However, because another review of the exam revealed deception, the Government scheduled Davis for a second test. The district court, after hearing evidence, declined to compel the Government to make a motion for a downward departure because the evidence was uncontested that Davis refused to take a second polygraph examination and thus breached the plea agreement. The court also found that the Government had a separate good faith basis to believe that Davis had not provided substantial assistance.* Under these circumstances, we do

_____

*The Government presented evidence that Davis continued to illegally sell drugs for his own benefit during the time period when he was expected to work only on behalf of the Government.

2

not find that the district court clearly erred in declining to order the Government to make a § 5K1.1 motion. See David, 58 F.3d at 114-15; Conner, 930 F.2d at 1076. Davis makes no suggestion of an unconstitutional motive. See Wade, 504 U.S. at 185-86. Thus, we affirm. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. We deny the motion filed by Davis' attorney to withdraw as counsel, as moot.

AFFIRMED

3