UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 99-4087

DWAYNE ORLANDO TORRENCE,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-97-248-V)

Submitted: August 5, 1999

Decided: August 16, 1999

Before MURNAGHAN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, D. Scott Broyles, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dwayne Orlando Torrence pled guilty to conspiracy to possess with intent to distribute crack cocaine. In his plea agreement, Torrence agreed to provide full and truthful information to the Government regarding criminal activity within Torrence's knowledge. Further, he specifically agreed not to violate any federal, state or local law, or any order regarding pre-sentence release. In return, the Government agreed to make a motion for a downward departure under U.S. Sentencing Guidelines § 5K1.1 (1998), if it determined that Torrence provided substantial assistance. On appeal, Torrence alleges that the Government acted in bad faith in failing to make a § 5K1.1 motion and that the district court erred by not requiring the Government to so move.[1] For the reasons that follow, we affirm.

We review a district court's denial of a motion to compel the Government to make a motion for a downward departure for clear error. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). In the absence of a Government motion, a sentencing court cannot grant a downward departure for substantial assistance unless the Government has committed itself in a plea agreement to do so or the defendant establishes that the Government's refusal to make such a motion was based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). The Government's obligation to move for downward departure for substantial assistance is released when a defendant breaches the agreement. See United States v. David, 58 F.3d 113, 115 (4th Cir. 1995).

While on pre-sentence release, Torrence was arrested for resist and delay of arrest, when he ran from police after they approached Torrence and a co-defendant. Based on this undisputed conduct, Torrence violated the terms of his pre-sentence release by speaking with a co-

_____

[1] The Government contends that Torrence waived his right to appeal in his plea agreement. However, Torrence specifically reserved the right to appeal issues of prosecutorial misconduct. Because Torrence alleges that the Government acted in bad faith in refusing to move for a substantial assistance departure, we find that Torrence's appeal was not waived.

2

defendant and violated state law by running from police. While the parties dispute whether Torrence was also involved in drug-dealing during this incident, it is unnecessary to resolve this dispute. Torrence's admitted actions breached the plea agreement.

In addition, the Government had a separate good faith basis to believe that Torrence had not provided substantial assistance.[2] Further, we note that the Government retained sole discretion to determine whether Torrence's assistance was substantial and that Torrence has made no suggestion of an unconstitutional motive. Under these circumstances, we do not find that the district court clearly erred in declining to order the Government to make a § 5K1.1 motion.

Thus, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[2] The Government presented evidence that the information supplied by Torrence was not particularly significant and that Torrence was never asked to testify regarding the information.

3