**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

MARK ALAN QUEEN,
  *Defendant-Appellant.*

No. 00-4399

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-98-7-MU)

Submitted: July 26, 2001

Decided: August 7, 2001

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

George V. Laughrun, II, GOODMAN, CARR, NIXON, LAUGHRUN & LEVINE, P.A., Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Mark Alan Queen pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). The district court sentenced him to a 135-month prison term. On appeal, Queen challenges his sentence on the ground that the Government engaged in prosecutorial misconduct when it failed to move for a substantial assistance downward departure under *U.S. Sentencing Guidelines Manual* § 5K1.1, p.s. (1998). We affirm.

Queen first contends that he provided substantial assistance, which obligated the Government to move for a downward departure on that ground. Queen's plea agreement provided that whether to make a substantial assistance motion was within the Government's sole discretion, and Queen acknowledged that he understood that provision. Where the Government retains its discretion regarding whether it will make a substantial assistance motion, there is "no enforceable promise" because the plea agreement "explicitly reserv[ed] discretion rather than promising anything." *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994). The Government, therefore, was not obligated to file a § 5K1.1 motion.[1]

In the absence of a Government motion for a substantial assistance downward departure, a court may review the prosecutor's decision not to move for a departure only if the refusal is based on an unconsti-

---

[1]Even assuming that the Government was obligated to move for a downward departure for substantial assistance, the Government was released from its obligation when Queen continued to distribute drugs while on pretrial release. *See United States v. David*, 58 F.3d 113, 115 (4th Cir. 1995) (finding that government's obligation to file substantial assistance motion ended when defendant breached terms of plea agreement by jumping bail and failing to appear in court).

tutional motive, such as race or religion, or is not rationally related to a permissible government objective. *United States v. LeRose*, 219 F.3d 335, 341-42 (4th Cir. 2000) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). Queen argues that the Government's reliance on the results of a polygraph examination, which indicated that he lied about distributing drugs while released on bond, amounted to an unconstitutional motive because such results would have been inadmissible at trial. Queen, however, cites no authority to support his argument, and we have found none. We therefore find that the district court did not clearly err in refusing to compel the Government to file a substantial assistance motion. *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991) (stating standard of review).

Finally, to the extent that Queen asserts for the first time on appeal that the district court, in the absence of a § 5K1.1 motion, could have departed under *U.S. Sentencing Guidelines Manual* § 5K2.0 (1998) (containing the general provisions and policy statement for departures), we reject his claim.[2] *United States v. Alegria*, 192 F.3d 179, 189 (1st Cir. 1999) (holding that "a defendant's assistance to the prosecutor cannot serve as the basis for a section 5K2.0 departure" and collecting cases adopting rule). Thus, the district court did not plainly err in failing to depart under § 5K2.0.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

[2]As support for his argument, Queen relies on *In re Sealed Case (Sentencing Guidelines' "Substantial Assistance")*, 149 F.3d 1198, 1204 (D.C. Cir. 1998) (holding that "even where the government files no motion, *Koon* [*v. United States*, 518 U.S. 81 (1996),] authorizes district courts to depart from the Guidelines based on a defendant's substantial assistance where circumstances take the case out of the relevant guideline heartland"), *rehearing en banc granted and vacated in part*, 159 F.3d 1362 (D.C. Cir. 1998) (order). On rehearing, the court held that if the government does not file a motion under § 5K1.1, a district court does not have the authority to depart for substantial assistance under USSG § 5K2.0. *In re Sealed Case No. 97-3112*, 181 F.3d 128, 136-42 (D.C. Cir.), *cert. denied*, 528 U.S. 989 (1999)