# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

CALVIN WASHINGTON,
　　　　　　　*Defendant-Appellant.*

No. 02-4809

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-356)

Submitted: April 29, 2003

Decided: June 16, 2003

Before TRAXLER, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Coming B. Gibbs, Jr., Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Robert H. Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Calvin Washington appeals his convictions and sentence for conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base; conspiracy to import cocaine into the United States; and participation in a money laundering conspiracy. Finding no reversible error, we affirm.

I.

Washington first claims that the district court clearly erred in imposing a two-point enhancement for obstruction of justice pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 3C1.1 (1998). The application notes to this section specifically state that the enhancement applies if the defendant engaged in conduct consisting of "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." § 3C1.1, comment. (n.4(a)). This court reviews the district court's findings for clear error. *United States v. Puckett*, 61 F.3d 1092, 1095 (4th Cir. 1995); *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

The probation officer recommended an enhancement for obstruction of justice based on the grand jury testimony of Rosemary Thomas, the sister-in-law of one of Washington's co-defendants. Thomas testified that Washington threatened her, told her to get out of town, and offered to pay for her to remain out of town as long as necessary. The district court overruled Washington's objection to the enhancement based on its determination that Thomas was a credible witness. The district court's assessment of the credibility of witnesses is not reviewable on appeal. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Washington's specific contention on appeal, however, is that the district court failed to consider the impact of a stipulation in the plea agreement that provided that there was no evidence "warranting an upward adjustment for obstructing or impeding the administration of

justice." Because the plea agreement clearly provided that this stipulation was not binding on the district court or the United States Probation Office and there is no indication in the record that the district court was unaware of the stipulation, we find this claim to be without merit.

## II.

Washington next contends that the district court clearly erred in denying a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1. A district court's decision to deny a reduction in the offense level for acceptance of responsibility is reviewed for clear error. *United States v. Pauley*, 289 F.3d 254, 261 (4th Cir. 2002), *cert. denied*, 123 S. Ct. 1007 (2003). Washington bore the burden of showing by a preponderance of the evidence that he was entitled to the reduction. *United States v. Harris*, 882 F.2d 902, 907 (4th Cir. 1989). His guilty plea did not automatically entitle him to the reduction. *Id.* at 905.

The district court denied the reduction based on its finding that Washington provided an implausible account of his involvement in the conspiracy. Washington fails to show that this finding is clearly erroneous. Moreover, Washington received an adjustment for obstruction of justice; in all but extraordinary cases, a defendant who receives such an adjustment under USSG § 3C1.1 is ineligible for a reduction for acceptance of responsibility. *See* USSG § 3E1.1, comment. (n.4).

## III.

Washington also claims that the plea agreement obligated the Government to move for a downward departure based upon his substantial assistance. He contends that the district court erred in refusing to order the Government to move for a departure. Where a defendant alleges his assistance to the Government entitled him to a downward departure, this court reviews the claim for clear error. *United States v. Conner*, 930 F.2d 1073, 1076-77 (4th Cir. 1991). Generally, a departure for substantial assistance may not be made absent a motion by the Government, *United States v. Francois*, 889 F.2d 1341, 1343 (4th Cir. 1989), unless the defendant makes a substantial showing that

the Government has declined to make the motion due to either an unconstitutional motive, or a reason not rationally related to a legitimate government objective. *Wade v. United States*, 504 U.S. 181, 185-87 (1992). Additionally, the Government's failure to file a USSG § 5K1.1 motion may not bar a downward departure where the defendant can show, at sentencing, by a preponderance of the evidence, that he provided the degree of assistance contemplated by the plea agreement, and that the Government's actions amount to a breach of his plea agreement. *Conner*, 930 F.2d at 1076-77.

Although Washington contends that the Government breached his plea agreement by failing to move for a departure, we find that he fails to show that "he provided the degree of assistance contemplated by the agreement." *Id.* at 1076. The record reveals that Washington failed to disclose his full and complete knowledge concerning the conspiracies in which he participated in violation of paragraph five of the plea agreement, and failed to pass polygraph examinations to the Government's satisfaction in violation of paragraph six of the plea agreement. Thus, we find that he failed to provide substantial assistance and failed to live up to his general obligations under the plea agreement. Accordingly, the district court did not clearly err in concluding that the Government was justified in deciding to not move for a downward departure. *See United States v. David*, 58 F.3d 113, 114-15 (4th Cir. 1995) (finding that defendant who had provided substantial assistance but violated "implicit term of the plea agreement" was not entitled to a 5K1.1 motion); *Conner*, 930 F.2d at 1076-77 (finding that defendant who was not truthful regarding his involvement in a drug conspiracy has breached his plea agreement and was therefore not entitled to a 5K1.1 motion).

## IV.

Finally, Washington contends that the district court erred in failing to grant him a hearing on his motion to withdraw his guilty plea. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id.*

Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include:

> (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Id.* Based on our review of the record, we uphold the district court's finding that none of these factors favor Washington's position.

Washington fails to offer credible evidence that his plea was not knowing or voluntary, fails to credibly assert his legal innocence, and fails to persuasively show that he received ineffective assistance of counsel. Additionally, he did not file his motion to withdraw his guilty plea until nearly three years after the entry of his plea and more than two years after he was sentenced by the district court. Finally, given the delay in moving to withdraw his plea, we find that withdrawal would likely cause prejudice to the Government and inconvenience the court. We therefore conclude that the district court did not err in denying Washington's motion to withdraw his guilty plea without a hearing.

Accordingly, we affirm Washington's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*