**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4943**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VIRGIL WICKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-01-10)

Submitted: August 27, 2004     Decided: September 23, 2004

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

M. Timothy Porterfield, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, C. Nicks Williams, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Virgil Wicks pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, 21 U.S.C. § 846 (2000). Wicks was sentenced to 121 months in prison. He now appeals, claiming that, because he provided substantial assistance to the United States, the prosecutor should have moved for a downward departure pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2003). We affirm.

As part of his plea agreement, Wicks waived his right to challenge his conviction and sentence on direct appeal or in a collateral proceeding. The waiver did not apply, however, to claims of ineffective assistance of counsel or prosecutorial misconduct.

To the extent that Wicks' claim alleges prosecutorial misconduct and is therefore cognizable on appeal, the claim lacks merit. His plea agreement clearly stated that the decision whether to move for a departure based on substantial assistance lay within the sole discretion of the United States. Thus, the United States had no obligation to make such a motion, even in the face of substantial assistance. See United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). There is no indication that the United States refused to make a motion based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Finally, the United States informed the court at sentencing that it did not

intend to move for downward departure because, shortly after Wicks'
release on bond, he violated the terms of that bond. Under this
circumstance, there was no error in the United States' decision not
to make a USSG § 5K1.1 motion.  See United States v. David, 58 F.3d
113, 114-15 (4th Cir. 1995).

We accordingly affirm.  We dispense with oral argument
because the facts and legal contentions are adequately presented in
the materials before the court and argument would not aid the
decisional process.

AFFIRMED