**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4243

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANGEL LUIS RODRIGUEZ, a/k/a Jose M. Gomez,
a/k/a Angel Ayala, a/k/a Hector Reyes,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(CR-03-92)

Submitted:  September 14, 2005       Decided:  October 11, 2005

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Linda George, Hackensack, New Jersey, for Appellant.  Jonathan S.
Gasser, Acting United States Attorney, Alston C. Badger, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Angel Luis Rodriguez appeals his guilty plea conviction and life sentence imposed for conspiracy to distribute ecstasy, cocaine and marijuana, in violation of 21 U.S.C. § 846 (2000), possession with intent to distribute ecstasy, and more than 500 grams of cocaine, in violation of 21 U.S.C. § 841 (2000), and one additional count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (2000).

Rodriguez first contends that the district court erred by denying his motion to compel specific performance of the Government's promise to move for a U.S. Sentencing Guidelines Manual § 5K1.1 departure. The denial of a motion to compel is reviewed for abuse of discretion. See, e.g., Wells v. Liddy, 186 F.3d 505, 518 n.12 (4th Cir. 1999). A district court may, upon the government's motion, reduce the sentence of a defendant who has provided substantial assistance in aiding another prosecution. See Rule 35(b); United States Sentencing Guidelines Manual, § 5K1.1. Courts review plea agreements as contracts. United States v. Martin, 25 F.3d 211, 216-17 (4th Cir. 1994). The party asserting a breach of a plea agreement has the burden of proving its breach. United States v. Dixon, 998 F.2d 228, 230 (4th Cir. 1993); United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). After careful review of the record, we conclude that by threatening several witnesses, Rodriguez violated his plea agreement in several

respects and such material breaches relieved the Government of any obligation to move for a downward departure.  See 18 U.S.C. § 1513(b) (2000); see also United States v. David, 58 F.3d 113, (4th Cir. 1995).  Accordingly, we find no abuse of discretion.

Rodriguez next asserts that his sentence was based upon facts found by a judge, in violation of United States v. Booker, 125 S. Ct. 738 (2005).  In Booker, the Supreme Court held that the federal sentencing guidelines' mandatory scheme, which provides for sentencing enhancements based on facts found by the court, violated the Sixth Amendment.  After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a) (2000), and impose a sentence.  If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so.  United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

Because Rodriguez did not raise this claim in the district court, his sentence is reviewed for plain error.  Hughes, 401 F.3d at 547 (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).  To demonstrate plain error, a defendant must establish that error occurred, that it was plain, and that it affected his substantial rights.  Olano, 507 U.S. at 731-32; Hughes, 401 F.3d at 547-48.  If a defendant establishes these requirements, the court's "discretion is appropriately exercised only when failure to do so

would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Hughes, 401 F.3d at 555 (internal quotation marks and citation omitted).

Although Rodriguez's offense level was enhanced by facts that he did not admit to, the enhanced offense level did not affect the length of his sentence. In the absence of a downward departure based upon substantial assistance, the district court was without the authority to impose any sentence other than mandatory life in prison.* United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) (holding that "Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence."). Accordingly, Rodriguez suffered no Sixth Amendment violation. We therefore affirm Rodriguez's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*Rodriguez had four prior drug trafficking convictions. Accordingly, under 18 U.S.C. § 841(b)(1)(A) (2000) (dictating mandatory life sentence if the defendant has two or more prior felony drug convictions), Rodriguez was subject to a mandatory life sentence even if his offense level had not been enhanced by judge-found facts. In light of this circumstance, we need not address Rodriguez's claim that he was entitled to a sentence reduction based on acceptance of responsibility.