**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4262**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROMAN WOODSON, a/k/a Maxwell Bentley, a/k/a
John Hanover, a/k/a Francis Perissi, a/k/a
Daniel Ott,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore. Marvin J. Garbis, Senior District Judge.
(CR-02-261-MJG)

_____

Submitted: September 28, 2005          Decided: October 25, 2005

_____

Before MOTZ, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Paul R. Kramer, PAUL R. KRAMER, P.A., Baltimore, Maryland, for
Appellant.  Thomas M. DiBiagio, United States Attorney, Martin J.
Clarke, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Roman Woodson pled guilty, pursuant to a written plea agreement, to one count of conspiracy to commit identity fraud, in violation of 18 U.S.C. § 1028(a)(3) (2000), and was sentenced to 33 months imprisonment. He appeals, claiming first, that the district court erred in finding that the Government did not breach the plea agreement by failing to move for a downward departure pursuant to United States Sentencing Guidelines Manual § 5K1.1 (2003). This court reviews for clear error the district court's decision not to compel the Government to file a § 5K1.1 motion. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991). Woodson's plea agreement clearly stated that the decision whether to move for a departure based on substantial assistance lay within the sole discretion of the Government. Therefore, the Government had no obligation to make such a motion, even in the face of substantial assistance. See United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). Woodson does not suggest, and there is no evidence to show, that the Government refused to make a motion based on an unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Finally, the Government presented evidence that Woodson violated the terms of the plea agreement by committing other state and federal crimes. See United States v. David, 58 F.3d 113 (4th Cir. 1995) (holding that defendant's failure to appear at sentencing, despite rendering substantial assistance,

- 2 -

relieved government of duty to move for a downward departure).
Accordingly, the district court did not clearly err in refusing to
compel the Government to file a § 5K1.1 motion.

Woodson also challenges the enhancement he received for
use of a special skill, USSG § 3B1.3, under United States v.
Booker, 125 S. Ct. 738 (2005). In Booker, the Supreme Court held
that the federal mandatory guidelines scheme, which provided for
sentence enhancements based on facts found by the court, violated
the Sixth Amendment. 125 S. Ct. at 746-48, 755-56 (Stevens, J.,
opinion of the Court). The Court remedied the constitutional
violation by severing and excising the statutory provisions that
mandate sentencing and appellate review under the guidelines, thus
making the guidelines advisory. Id. at 756-57 (Breyer, J., opinion
of the Court).

Here, although Woodson received a two-level enhancement
based on judicial factfinding, there is no Sixth Amendment
violation because the 33-month sentence imposed does not exceed the
maximum of the unenhanced range (27 to 33 months imprisonment).
See United States v. Evans, 416 F.3d 298, 300-01 (4th Cir. 2005)
(holding that if sentence does not exceed maximum authorized by
facts admitted by defendant or found by jury, there is no Sixth
Amendment violation).

Accordingly, we affirm Woodson's sentence. We dispense
with oral argument because the facts and legal contentions are

- 3 -

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
