**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4151

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMON A. PEREZ-MENDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (CR-03-341)

Submitted: November 2, 2005          Decided: January 3, 2006

Before NEIMEYER, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Marc G. Hall, MCCALLY & HALL, Rockville, Maryland, for Appellant. Thomas M. Dibiagio, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ramon A. Perez-Mendez appeals from his conviction and sentence following his guilty plea to conspiracy to distribute and to possess with intent to distribute heroin and cocaine. On appeal, he challenges the district court's denial of his motion to dismiss the indictment for lack of venue and denial of his motion to withdraw his guilty plea. He also argues that the court erred by enhancing his sentence based on its finding that he obstructed justice and in not reducing his sentence for acceptance of responsibility. For the reasons that follow, we affirm Perez-Mendez's conviction, but vacate the sentence and remand to the district court for resentencing.

Perez-Mendez first argues that venue was not proper in Maryland because the crime did not occur in Maryland. The stipulated facts were that Perez-Mendez traveled with Roberto Luis Rodriguez Cintron through Maryland while en route to Washington, D.C., to meet a buyer from Maryland and deliver a quantity of narcotics. This meeting was scheduled through phone conversations both to and from Maryland. The Maryland buyer had twice previously purchased narcotics from Perez-Mendez and Cintron and resold those drugs in Maryland. These facts are sufficient to support venue in Maryland. See United States v. Ramirez-Amaya, 812 F.2d 813, 816 (2d Cir. 1987) (upholding venue based on flight over district); United States v. Shearer, 794 F.2d 1545, 1551 (11th Cir. 1986)

- 2 -

(upholding venue based on travel through and flight over district); United States v. Strickland, 493 F.2d 182, 186 (5th Cir. 1974) (finding venue proper in state based on phone calls to that state in furtherance of conspiracy). We therefore affirm the denial of Perez-Mendez's motion to dismiss the indictment for lack of venue.

Perez-Mendez next argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. He contends that the Government "impliedly promised" him the opportunity to provide assistance and possibly warrant a motion for a downward departure at sentencing based on substantial assistance. We note that, under the terms of the agreement, the Government was not obligated under its plea agreement to file such a motion, United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000), and there is no indication that it refused to make the motion based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992). Rather, the Government declined to file the motion--and indeed declined to seek assistance from Perez-Mendez--after it discovered that Perez-Mendez had provided false information to the court and to the presentence investigator. See United States v. David, 58 F.3d 113, 114 (4th Cir. 1995) (upholding government's refusal to make § 5K1.1 motion where defendant had provided substantial assistance and then jumped bail prior to sentencing).

Moreover, we find no abuse of discretion by the district court in denying Perez-Mendez's motion to withdraw the plea. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996) (providing standard); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (holding that the key factor is whether the plea hearing was properly conducted). We have carefully scrutinized the Fed. R. Crim. P. 11 colloquy and find no error by the district court in determining that the plea was knowingly and voluntarily entered. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (holding that a properly conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding"). Thus, we affirm the district court's denial of Perez-Mendez's motion to withdraw his plea.

Next, Perez-Mendez challenges the district court's enhancement of his sentence based on obstruction of justice. Based on the offense of conviction and the stipulated amount of drugs that were reasonably foreseeable over the course of the conspiracy, Perez-Mendez's base offense level was 32. Two points were added for obstruction of justice, resulting in an adjusted offense level of 34, criminal history category II, and a sentencing range of 168 to 210 months. The district court imposed a 189-month sentence.

In the presentence report, the probation officer reported that Perez-Mendez gave false information to the probation officer.

- 4 -

The officer recommended that the court find that he obstructed justice and also deny any reduction for acceptance of responsibility. Because Perez-Mendez did not object to the enhancement at the sentencing hearing, the court was not required to hold a hearing or to make specific findings before adopting the recommendation in the presentence report. See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998).

Perez-Mendez also asserts that the enhancement is in violation of United States v. Booker, 125 S. Ct. 738 (2005). Because Perez-Mendez did not raise a Sixth Amendment objection to the enhancement in the district court, our review is for plain error. United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).

The enhancement increased Perez-Mendez's sentencing range from 135 to 168 months at offense level 32 to 168 to 210 months at offense level 34. We therefore find that Perez-Mendez's 189-month sentence was the result of plain error that affected his substantial rights, because it resulted in a longer term of imprisonment than the court could impose based solely on the facts admitted by Perez-Mendez. Id. at 548. Because the district court "impose[d] a sentence greater than the maximum authorized by the facts found by the jury alone," we conclude that the district court

committed plain error that warrants correction.[1]  <u>Hughes</u>, 401 F.3d

at 546.  Accordingly, we vacate Perez-Mendez's sentence and remand

for resentencing.

The last issue raised on appeal is Perez-Mendez's

challenge to the district court's denial of a reduction for

acceptance of responsibility.  We find no clear error in this

determination.  <u>See</u> <u>United States v. Miller</u>, 77 F.3d 71, 74 (4th

Cir. 1996) (providing standard).  The record supports the

determination that Perez-Mendez provided a different name and date

of birth to the court and the presentence report investigator.

Additionally, he failed to disclose that he had previously been

deported.  Perez-Mendez's claim that these statements were due to

the language barrier is incredible, given that during the plea

hearing at which he made these statements, Perez-Mendez had the

assistance of an interpreter.

Having found that Perez-Mendez obstructed justice, the

court appropriately denied the acceptance of responsibility

reduction.  "Conduct resulting in an enhancement under § 3C1.1

(Obstructing or Impeding the Administration of Justice) ordinarily

indicates that the defendant has not accepted responsibility for

---

[1]As we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Perez-Mendez's] sentencing." <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

his criminal conduct." USSG § 3E1.1, comment. (n.4); see United States v. Murray, 65 F.3d 1161, 1165 (4th Cir. 1995) (upholding denial of acceptance of responsibility where court found obstruction of justice). We find that Perez-Mendez has failed to show that his is an "extraordinary case[] in which adjustments under both §§ 3C1.1 and 3E1.1 [] apply." USSG § 3E1.1, comment. (n.4). Accordingly, we affirm the district court's denial of the acceptance of responsibility reduction.

In conclusion, we affirm Perez-Mendez's conviction, but vacate his sentence and remand the case to the district court for resentencing pursuant to Booker and Hughes.[2] See Hughes, 401 F.3d at 546 (citing Booker, 125 S. Ct. at 764-65, 767). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;<br>VACATED AND REMANDED IN PART

---

[2]Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.