<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4622**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN KEITT,

Defendant - Appellant.

---

**No. 05-4675**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARVIN KEITT,

Defendant - Appellant.

---

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-04-231-V; CR-04-230-V)

---

Submitted: February 10, 2006       Decided: March 15, 2006

---

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Denzil H. Forrester, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated cases, Marvin Keitt appeals his sentence following a guilty plea to two separate bills of information, the first charging conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (2000), and the second charging conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (2000). Keitt was sentenced to 41 months' imprisonment on each count of conspiracy to defraud, to be served concurrently. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising as potential issues whether the Government's failure to move for downward departure was prosecutorial misconduct and whether his sentence was reasonable. Although advised of his right to do so, Keitt has not filed a supplemental pro se brief.

Keitt first claims that his disclosures to the Government amounted to substantial assistance and thus the Government was required to move for downward departure. The Government was not obligated under its plea agreement to file such a motion, United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000), and there is no indication that it refused to make the motion based on an unconstitutional motive such as race or religion. Wade v. United States, 504 U.S. 181, 185-86 (1992). Rather, the Government conceded that Keitt had provided assistance but declined to move

for downward departure after Keitt violated several of the conditions of his release on bond and his bond was revoked. See United States v. David, 58 F.3d 113, 114 (4th Cir. 1995) (upholding the government's refusal to make a § 5K1.1 motion where defendant had provided substantial assistance and then jumped bail prior to sentencing). We find the record does not reveal prosecutorial misconduct.

Keitt next contends that his sentence was unreasonable. After the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (noting after Booker, sentencing courts should determine the sentencing range under the guidelines, consider the other factors under § 3553(a), and impose a reasonable sentence within the statutory maximum). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id.

As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. This court has further stated that "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the

facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." United States v. White, 405 F.3d 208, 219 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005). We find the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Keitt only after considering and examining the sentencing guidelines and the factors set forth in § 3553(a). Based on these factors, and because the court sentenced Keitt within the applicable advisory guideline range and the statutory maximum, we find that Keitt's sentence of 41 months of imprisonment is reasonable.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Keitt's convictions and sentences. We also grant the Government's motion for relief from duty to file a brief. We deny Appellant's counsel's motion to withdraw as counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED