**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4002**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

DONALD GASCHLER,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:09-cr-00007-FPS-JES-3)

Submitted:  August 11, 2010       Decided:  September 8, 2010

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Patricia Valentino Kutsch, KUTSCH LAW OFFICES, Wheeling, West Virginia, for Appellant.  Betsy C. Jividen, United States Attorney, Randolph J. Bernard, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to the terms of his written plea agreement, Donald Gaschler pled guilty to conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2006) ("Count One"), and possession of firearms in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006) ("Count Five"). While free on bond prior to sentencing, Gaschler facilitated the Government's arrest and prosecution of two individuals. As a result, the Government filed a motion, pursuant U.S. Sentencing Guidelines Manual § 5K1.1 (2008), for a downward departure in Gaschler's sentence.

When Gaschler failed to appear for sentencing, however, the Government requested that the district court permit it to withdraw the § 5K1.1 motion. The Government argued that, despite Gaschler's assistance being substantial, his subsequent conduct — failing to appear at sentencing, fleeing, and evading capture — was inconsistent with a § 5K1.1 motion. Over defense counsel's objection, the district court permitted the withdrawal of the § 5K1.1 motion. The district court sentenced Gaschler to 115 months' imprisonment, consisting of fifty-five months on Count One and sixty months, consecutive, on Count Five. This appeal timely followed.

2

Gaschler's sole appellate contention is that the district court erred in permitting the Government to withdraw its § 5K1.1 motion. For the reasons that follow, we reject this argument and affirm the district court's judgment.

We review legal questions concerning the application of the Sentencing Guidelines de novo and review factual determinations for clear error. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). Thus, this court will defer to the district court's factual determinations underlying its conclusion that the Government had a rational basis for seeking to withdraw its motion for a downward departure, "[b]ut . . . will look afresh at the court's legal conclusion that those facts constitute a rational basis for the government's decision." United States v. Butler, 272 F.3d 683, 686 (4th Cir. 2001); see also United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991) (reviewing for clear error district court's finding that the government did not breach the plea agreement by failing to make a § 5K1.1 motion).

As the district court rightly concluded, Gaschler's contention that his post-assistance, pre-sentencing conduct did not support the Government's request to withdraw the § 5K1.1 motion is contrary to our circuit precedent. See United States v. David, 58 F.3d 113 (4th Cir. 1995). As we held in David,

3

"the defendant's obligation to appear for sentencing at the time appointed by the district court" is implicit in the parties' agreement pertaining to a § 5K1.1 motion. Id. at 115. It is undisputed that Gaschler, like the defendant in David, failed to appear at his sentencing hearing. Accordingly, the district court did not commit any clear error in its factual findings or otherwise err in concluding that this conduct supported the withdrawal of the Government's § 5K1.1 motion. See Butler, 272 F.3d at 686.

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED