917 So.2d 799 (2005)
Marlon Israel MORRIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-01052-COA.
Court of Appeals of Mississippi.
July 26, 2005.
Rehearing Denied December 6, 2005.
Marlon Israel Morris, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before BRIDGES, P.J., GRIFFIS and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Marlon Israel Morris pled guilty to armed robbery. He was sentenced to serve a term of ten years in the Mississippi Department of Corrections. Morris filed a motion for post-conviction relief that was denied. On appeal, Morris asserts that the State breached its agreement with him to recommend a sentence of twelve years with six suspended. We affirm.

STANDARD OF REVIEW
¶ 2. In reviewing a trial court's decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court's denial will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).

ANALYSIS
¶ 3. Morris and the prosecution reached a plea agreement. In return for a guilty plea, the State agreed that it would recommend a twelve-year sentence with only six years to serve. Morris argues that the State breached this agreement *800 when the trial court sentenced him to serve ten years rather than six.
¶ 4. At the outset, we recognize that the trial court has full discretion within the sentencing law regardless of a plea agreement. Martin v. State, 635 So.2d 1352, 1356 (Miss.1994). Morris is indeed correct that the State agreed to recommend that he serve six years. The transcript of the guilty plea is clear, and the State held to its end of the bargain. When asked if the State had any recommendations, the prosecutor merely referred to the recommendation in the plea agreement and reminded the trial court that the minimum sentence for armed robbery was three years. The State vouched for Morris' good character and admitted that his involvement in these criminal activities was surprising. Thus, we find that the record clearly belies Morris' allegation. Ford v. State, 708 So.2d 73, 76-77 (¶¶ 16-17) (Miss.1998).
¶ 5. The trial court ultimately decided Morris' sentence. The judge thoroughly questioned Morris about his understanding of the possible sentence. The following colloquy took place:
THE COURT: Do you want to plead guilty to these charges? Mr. Morris?
Morris: Yes, ma'am.
THE COURT: Have each of you been told that the State will make some type of recommendation as to a sentence in your case?
Morris: Yes, ma'am.
THE COURT: What do you think the State will recommend?
Morris: Twelve years, six to serve, six suspended.
THE COURT: Okay. It has here twelve years in the Mississippi Department of Corrections on each indictment. Those sentences would run concurrently, or at the same time. Six of those years would be suspended and you would be ordered to serve six years, which would be without parole. Do you understand that about an armed robbery charge; you'd have to serve every day of your sentence? Do you understand that?
Morris: Yes, ma'am.
¶ 6. After some discussion and clarification as to the fines to be paid in restitution, the discussion continued:
THE COURT: Is that what the State is recommending?
Ms. Hasbrouck: Yes, it is, Your Honor.
¶ 7. This was followed by a detailed account of the evidence against Morris. The court then asked whether Morris was aware that the court did not have to accept the State's recommendation. Morris answered in the affirmative. The trial court then explained the possible sentences, and the following discussion took place:
THE COURT: But you understand I don't have to accept this recommendation that's been made by the State? Do you understand that?
Morris: Yes, ma'am.
THE COURT: I've gone over with each one of you your backgrounds; you know the crimes you're charged with committing are three armed robberies; you know the maximum punishments for those crimes; you know that you're waiving all your constitutional rights by pleading guilty. You know what the State will recommend, you know I do not have to accept that recommendation and can sentence you up to the maximum provided by law. Do each of you understand that?
Morris: Yes, ma'am.
THE COURT: Knowing all of this, do each one of you still want to plead guilty to these charges?
Morris: Yes, ma'am.
¶ 8. The transcript reveals that the trial court went to great lengths to ensure that *801 Morris was fully informed that the State's recommendation was not binding. Morris' plea petition stated, "Do you understand that the court is not bound by any recommendation the State may make, but the court will determine what your sentence shall be, and that sentence could be the maximum sentence provided by law?" Morris answered, "yes," and signed the plea petition. It is clear that Morris "clearly understood that the judge was not bound in any way by the recommendation of the district attorney." Martin, 635 So.2d at 1356 (quoting Moore v. State, 394 So.2d 1336, 1337 (Miss.1981)).
¶ 9. In sentencing Morris, the trial court considered Morris' history. However, the trial court determined that, good conduct notwithstanding, he pled guilty to three separate violent felonies. These felonies consisted of three armed robberies with three separate victims. Morris put on a ski mask, bound the victims with duct tape and robbed them at gunpoint. The trial court concluded that such crimes warranted a tougher sentence than the State recommended. Just as in Martin, "we will not disturb the trial court's discretion in sentencing." Martin, 635 So.2d at 1357 (quoting Gillum v. State, 468 So.2d 856, 864 (Miss.1985)). Accordingly, the judgment of the circuit court is affirmed.
¶ 10 THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.