957 So.2d 1018 (2006)
John F. RHONE, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01551-COA.
Court of Appeals of Mississippi.
November 21, 2006.
Rehearing Denied April 3, 2007.
Certiorari Denied June 7, 2007.
*1019 John F. Rhone, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
BARNES, J., for the Court.
¶ 1. John F. Rhone, appearing pro se, appeals the denial of his motion for postconviction relief by the Circuit Court of Lauderdale County. We find no error and affirm the circuit court's decision.

SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Rhone was indicted on March 20, 2001, on the charge of possession of 69.5 *1020 grams of marijuana with intent to distribute, as a prior controlled substance offender, pursuant to Mississippi Code Annotated section 41-29-139 (Rev.2005) and Mississippi Code Annotated section 41-29-147 (Rev.2005), respectively. Rhone was also considered a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2000) due to prior felony convictions. On October 3, 2001, in the Circuit Court of Lauderdale County, Rhone pled guilty to these charges, and the district attorney recommended, pursuant to a plea bargain agreement, one and one-half years in the custody of the Department of Corrections, along with a $5,000 fine, of which $4,000 would be suspended, and various other fees. At the hearing, Rhone also admitted to prior felony convictions of kidnaping and sale of cocaine in 1994.
¶ 3. Rhone's guilty plea was accepted by the court with the proviso that if he attended his sentencing hearing, set on January 18, 2002, he would receive the one and one-half year sentence of the plea bargain. However, the court stated, if Rhone did not appear at the sentencing hearing on January 18, or if he was even late, the guilty plea would be considered a "plea in the blind," meaning there would be no plea agreement and the defendant would be subject to sentencing within the discretion of the court. Rhone could then be sentenced "to serve anywhere from zero to sixty years." Throughout the plea hearing, Rhone indicated that he understood the charge against him and that if he failed to attend his sentencing hearing, the plea would be considered "in the blind." This proviso was repeated to Rhone by the judge to make sure he understood its import.
¶ 4. Further, the court warned Rhone that he had now been convicted of more than two felonies arising from separate incidents, and if he was convicted of another felony in the future, he would face a maximum term of imprisonment for that felony, without the possibility of reduction or parole. Also, the court informed Rhone that since one of his prior felonies, kidnaping, was a crime of violence, if he was convicted of another felony in the future he would be sentenced to life in prison without the possibility of suspension or parole.
¶ 5. On January 18, 2002, John Rhone complied with the plea agreement and was present at the appointed time for his sentencing hearing. However, while waiting at the courthouse he received a message from his lawyer, written on his attorney's letterhead, to return on February 12, 2002, for his sentencing hearing. On February 12, 2002, though, Rhone admittedly failed to appear in the court chambers for the rescheduled sentencing hearing. Inexplicably, Rhone stated he was present on the first floor of the courthouse on February 12, 2002, but chose not to come into the courtroom.[1] The circuit court thus issued a bench warrant for Rhone, who was taken into custody on March 27, 2002. The circuit court again rescheduled the sentencing hearing for April 22, 2003, when Rhone was sentenced to thirty years in the custody of the Mississippi Department of Corrections, half the amount of his possible maximum sentence. At Rhone's April 22, 2003 sentencing hearing, Judge Roberts explained that he had postponed Rhone's *1021 January 18, 2002 sentencing hearing because of a scheduling conflict with the trial court's multi-county docket.[2] Interestingly, Rhone testified on April 22 that he was present at the courthouse for his rescheduled sentencing hearing February 12, 2002, but was "trying to get it set off again." The irony of the fact that Rhone is arguing on the one hand that the State breached its plea agreement by rescheduling his hearing, and on the other hand that he did not show up for his hearing because he wanted to postpone it further, is not lost on this Court.[3]
¶ 6. On October 6, 2004, Rhone filed a motion for post-conviction relief in the Circuit Court of Lauderdale County, attacking his conviction and sentence. This motion was filed three days past the three-year statute of limitations. The State, however, did not argue that the motion was time-barred. Rhone asserted forty-one issues in his motion. These issues ranged from ineffective assistance of counsel and error by the trial court to prosecutorial misconduct and denial of due process rights. In sum, Rhone was aggrieved that the State failed to abide by its original plea bargain of a one and one-half year sentence.
¶ 7. On June 29, 2005, the Circuit Court of Lauderdale County denied Rhone's motion for post-conviction collateral relief, ultimately holding that all of Rhone's post-conviction relief claims arose from his own failure to appear in court on February 12, 2002, and thus the claims were "patently frivolous." The circuit court maintained that Rhone knew he was to appear in court on February 12, 2002, for his sentencing, and he knew he was going to prison on that day, and he decided he would rather not. Rhone timely appeals to this Court.

STANDARD OF REVIEW
¶ 8. This Court's standard of review for the trial court's denial of a motion for post-conviction relief is the clearly erroneous standard. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). Questions of law, however, are reviewed de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ISSUES AND ANALYSIS
¶ 9. We note that Rhone's motion for post-conviction relief was filed in the Circuit Court of Lauderdale County on October 6, 2004. Rhone's entry of judgment was on October 3, 2001. Therefore, Rhone's motion is three days past the statute of limitations for post-conviction relief petitions. See Miss.Code Ann. § 99-39-5(2) (Rev.2000). The prison mailbox rule states that a pro se prisoner's post-conviction relief petition is considered delivered for filing on the date that the prisoner gives the document to prison officials for mailing. Sykes v. State, 757 So.2d 997, 1000-01(¶ 14) (Miss.2000). In Melton v. State, 930 So.2d 452, 455(¶ 8) (Miss.Ct.App. 2006), this Court held that if the State wants to challenge an appeal as untimely, the State bears the burden of proving the *1022 notice was not timely mailed by the prisoner. Id. The State has not challenged the motion as time-barred, and based upon the date of filing, Rhone may well have delivered his documents to prison officials for mailing in a timely manner. Accordingly, we will not consider this motion time-barred, but will address his appeal on the merits.
¶ 10. This Court declines to address Rhone's forty-one issues individually. From the record, it is apparent all of the issues center around Rhone's failure to appear at his rescheduled sentencing hearing on February 12, 2002. This failure cannot be blamed on Rhone's defense lawyer, the State, or the circuit court. Rhone's arguments revolve around his contention that because of his presence at the postponed January 18, 2002 sentencing hearing, this fact "cements" the plea agreement's sentencing ceiling to one and one-half years. However, we find that Rhone cannot rely on the fact that he could only be sentenced on one day of the year. Moreover, the circuit court was clear that if Rhone did not appear at his sentencing hearing, his plea would be an open plea. Whether the sentencing hearing was on January 18, 2002, or February 12, 2002, is inconsequential, as long as Rhone had notice of the date and time, which he did.
¶ 11. From the record, it is obvious this plea bargain agreement was fully explained to Rhone. He acknowledged he understood the terms. Rhone also admitted in his post-conviction relief motion that his lawyer provided him with the rescheduled hearing date and time. Rhone stated that he chose not to appear in the courtroom on February 12, 2002, but remained on the first floor of the courthouse.
¶ 12. Rhone claims ineffective assistance by his defense counsel and lists seventeen alleged acts of legal incompetence. In summary, Rhone argues that his attorney should have sought enforcement of his original plea agreement for a one and one-half year sentence. However, Rhone's lawyer could not object to the court's failure to impose a plea bargain agreement that was no longer on the table once Rhone failed to appear at his sentencing hearing. Therefore, this issue is without merit.
¶ 13. Rhone's remaining forty issues relate to prosecutorial misconduct, denial of due process, the voluntariness of his guilty plea, and the legality of his sentencing. However, these issues may be resolved by the fact Rhone's plea bargain was conditionalhe would only receive the one and one-half years in prison if he appeared for his sentencing hearing. Rhone did not attend his sentencing hearing, thereby breaching his part of the bargain, and thus the plea agreement ceased to exist.
¶ 14. In his brief, Rhone cites repeatedly to Santobello v. N.Y., 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) for his argument related to prosecutorial misconduct. Santobello holds that when a plea bargain is based on a promise or agreement by the prosecutor, and that promise is part of the inducement, the promise must be fulfilled. Id. at 262, 92 S.Ct. 495. However, Rhone fails to acknowledge that the prosecution did not breach its plea agreementhe did. The State cites U.S. v. David, 58 F.3d 113 (4th Cir.1995), which holds that the defendant's failure to appear for a sentencing hearing violated the plea agreement for a reduced sentence. Id. at 114-15. Further, in David, there was no specific instruction to the defendant to appear at the sentencing hearing, as there was in Rhone's case; the defendant's presence was presumed. Rhone repeatedly acknowledged that he understood the importance of his appearance *1023 at his sentencing hearing. As the State articulates in its brief, Rhone cannot use his own conduct as a basis for prosecutorial misconduct. Further, the fact that the sentencing hearing was rescheduled due to a conflict on the circuit judge's docket does not shift the blame of breaching the plea agreement to the prosecution. Thus, Rhone's claims of prosecutorial misconduct are without merit. Additionally, Rhone's lawyer was given notice of the date change and passed this information on to his client, thus there is no violation of due process. Rhone also argues that his plea became involuntary when the State did not fulfill its bargain of sentencing Rhone on January 18, 2002. Once again, because of an unavoidable conflict relating to the trial court, and not the State, the hearing was rescheduled. In conclusion, all of Rhone's remaining issues are all without merit.
¶ 15. Accordingly, we affirm the decision of the Circuit Court of Lauderdale County denying John Rhone's motion for post-conviction collateral relief.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, AND ISHEE, JJ. CONCUR. ROBERTS, J., NOT PARTICIPATING.
NOTES
[1] The State speculates Rhone's reluctance to appear in court on February 12, 2002, was because Rhone was concerned about additional charges which had "popped up" since his plea bargain hearing in October; specifically, aggravated assault and possession of a firearm by a felon. While out on bond from the charges in the case sub judice, Rhone allegedly shot a person with a shotgun.
[2] Judge Roberts was in Wayne County presiding over a trial on January 18, 2002. We note the fact two different circuit judges handled Rhone's case: Judge Bailey accepted Rhone's plea, and Judge Roberts sentenced Rhone; however, we find this fact has no impact on the case at bar.
[3] Furthermore, Rhone was apparently pressuring the person he allegedly shot to retract the charges. The district attorney represented at the sentencing hearing that the victim had gone to Rhone's lawyer, at Rhone's urging and for a promise of $300, to tell the lawyer Rhone was not the person who shot him and to drop the charges. Later, the shooting victim recanted: he went to the district attorney's office and admitted he was coerced and wanted to go forward with the charges against Rhone.