CARLTON, J.,
for the Court:
¶ 1. Shawn Lamont Doss appeals the circuit court’s dismissal of his motion for post-conviction relief (PCR), claiming that the circuit court improperly deviated from the State’s recommended sentence and that Doss’s indictment was improperly amended to charge him as a subsequent drug offender. Finding no error, we affirm.
FACTS
¶ 2. On February 8, 2006, a Lowndes County grand jury indicted Doss for Count I, possession of more than five kilograms of marijuana with the intent to distribute, and Count II, conspiracy to transfer a controlled substance. On December 4, 2007, the State filed a motion to amend the indictment to charge Doss as a subsequent drug offender under Mississippi Code Annotation section 41-29-147 (Rev.2009).
¶ 3. Doss’s counsel negotiated a plea deal with the State, in which the State agreed to recommend a sentence of twenty-four years for Count I and a dismissal of Count II in exchange for Doss’s know *1072 ing, voluntary, and intelligent guilty plea. On November 18, 2008, the circuit judge accepted Doss’s guilty plea on Count I, and scheduled a sentencing hearing for November 21, 2008. The circuit court advised Doss to stay out of trouble until the date of the sentencing hearing, and that if he did so, the court would likely accept the State’s recommendation. The circuit court further stressed that Doss must attend the sentencing hearing if he expected to be sentenced in accordance with the State’s recommendation.
¶ 4. On November 21, 2008, Doss failed to attend the sentencing hearing. The circuit judge ordered the bailiff to search for Doss throughout the courthouse. The circuit judge also asked the defense counsel to call Doss’s cell phone in an attempt to reach him. When questioned by the judge, the bail bondsman indicated that after speaking to Doss’s parents, it was her understanding that Doss was “on his way.” The bail bondsman stated that she tried to reach Doss too, but to no avail. After waiting forty minutes, the circuit court proceeded with sentencing.
¶ 5. The circuit judge entered a judgment, sentencing Doss as a subsequent drug offender to fifty years in the custody of the Mississippi Department of Corrections. The circuit judge stated on the record that if Doss appeared prior to the end of term with a valid reason explaining why he missed his sentencing hearing, the circuit court would consider amending the sentence.
¶ 6. On November 16, 2011, Doss filed a PCR motion in the circuit court, which the circuit court dismissed. Doss now appeals to this Court, claiming: (1) the circuit court erred in deviating from the agreed sentencing recommendation; and (2) the circuit court erred in allowing the State to amend Doss’s indictment after Doss pled guilty to reflect his status an a subsequent drug offender.
STANDARD OP REVIEW
¶ 7. In considering the dismissal of a PCR motion, we review the circuit court’s findings of fact for clear error. Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, when reviewing issues of law, this Court’s proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
I. SENTENCE
¶ 8. Doss argues that the circuit court erred in deviating from the State’s agreed sentencing recommendation. Doss concedes that he was aware that the trial court does not have to accept the State’s recommendation. However, Doss claims that if the recommendation is not accepted, the petitioner must be afforded the opportunity to withdraw his guilty plea. Doss’s claims are in conflict with existing Mississippi jurisprudence and Uniform Rule of Circuit and County Court 8.04(B)(2).[1]
¶ 9. The Mississippi Supreme Court has repeatedly held that a trial judge who did not participate in the plea-bargaining process is not bound by the terms of a plea *1073 agreement between the defendant and the State. Callins v. State, 975 So.2d 219, 229 (¶ 23) (Miss.2008); see also Martin v. State, 635 So.2d 1352, 1354 (Miss.1994) (“In order to renege on a deal, you must be a part of the deal.”). Further, as long as the circuit court explains to the defendant that the court is not bound by the State’s recommendation, “it is not error if the trial court does not follow the prosecutor’s sentencing recommendation.” Martin, 635 So.2d at 1355.
¶ 10. Our Court addressed a similar issue in Rhone v. State, 957 So.2d 1018 (Miss.Ct.App.2006). In Rhone, the circuit court advised John Rhone that if he attended the sentencing hearing, the court would accept his guilty plea, as well as the one-and-one-half-year sentence recommended in the plea bargain. Id. at 1020 (¶ 3). The circuit court then informed Rhone of the possible maximum sentence for his charge, and Rhone indicated that he understood. Id. After Rhone failed to appear at his sentencing hearing,[2] the judge sentenced Rhone to thirty years in the custody of the Mississippi Department of Corrections, half of his possible maximum sentence. Id. at (¶ 5). On appeal, this Court affirmed Rhone’s conviction and sentence, explaining “the prosecution did not breach its plea agreement — [Rhone] did [by failing to appear].” Id. at 1022 (¶ 14).
¶ 11. The record reflects no claim by Doss that he entered his plea unknowingly, involuntarily, or unintelligently. Additionally, the record shows that Doss indicated his understanding of the circuit judge’s instructions that the court would not accept the State’s sentencing recommendation if Doss failed to attend the sentencing hearing. The transcript reflects that the circuit judge stressed on the record that if Doss failed to “show up ... all bets are off.” We thus find no error in the circuit court imposing upon Doss a greater sentence than that recommended by the State.
II. AMENDED INDICTMENT
¶ 12. Doss next argues that the circuit court erred in allowing the State to amend his indictment after he pled guilty to reflect his status an a subsequent drug offender. Doss claims that he was unaware of the amendment prior to the day of his guilty-plea hearing.
¶ 13. The record reflects Doss was indicted on February 8, 2006, for possession of marijuana with intent to distribute. The State moved to amend the indictment on December 4, 2007, to reflect Doss’s previous conviction in Oklahoma for possession of a controlled substance with intent to distribute. The State argues that it put Doss on notice of the motion to amend the indictment to include Doss’s status as a subsequent drug offender eleven months prior to Doss entering his guilty plea.
¶ 14. This Court has stated that amendment of an indictment to reflect that the defendant is a subsequent or habitual offender “is allowed so long as ‘the defendant is afforded a fair opportunity to present a defense and is not unfairly surprised.’” Wells v. State, 57 So.3d 40, 48 (¶ 27) (Miss.Ct.App.2011) (citing URCCC *1074 7.09). In this case, the record shows no unfair surprise, since the State filed the motion to amend the indictment prior to the entry of Doss’s guilty plea. Amending an indictment to reflect habitual- or subsequent-offender status “only affects sentencing and does not affect the substance of the offense charged”; therefore, we find the amendment to Doss’s indictment failed to affect his possible defenses to his possession charge. Burrell v. State, 726 So.2d 160, 162 (¶ 4) (Miss.1998). We note that Doss offered no evidence during the sentencing hearing contesting the subsequent-drug-offender charge.
f 15. In Wells, 57 So.3d at 48 (¶ 27), this Court held that:
an amendment requested on the day of the trial to add an enhanced penalty was proper where the defendant was apprised of the charge pending against him, was not unfairly surprised, and was afforded a fair opportunity to present his defense.
(quoting Williams v. State, 766 So.2d 815, 816-18 (¶¶ 5-10) (Miss.Ct.App.2000)). Doss’s guilty-plea petition reflects that he was aware that his sentence was subject to enhancement. The plea petition also lists his previous conviction.
¶ 16. After reviewing the record, we find no error in the timing of the amendment. The record reflects the amendment presented no unfair surprise to Doss, and Doss knowingly entered his guilty plea as a subsequent drug offender. This issue is without merit.
¶ 17. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, RUSSELL AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. Uniform Circuit and County Court Rule 8.04(B)(2) provides:
The prosecuting attorney, defendant's attorney, or the defendant acting pro se, may reach an agreement that upon an entry of a plea of guilty to the offense charged or to a lesser or related offense, the attorney for the state may do any of the following:
a. Move for a dismissal of other charges; or
b. Make a recommendation to the trial court for a particular sentence, with the understanding that such recommendation or request will not be binding upon the court.

. John Rhone complied with the plea agreement and arrived for his January 18, 2002 sentencing hearing. Id. at 1020 (¶ 5). At the courthouse, Rhone received a message from his attorney instructing him that the hearing had been rescheduled and to return on February 12, 2002. Id. On February 12, 2002, Rhone failed to appear for the rescheduled sentencing hearing. Id. The circuit court again rescheduled the sentencing hearing for April 22, 2003, at which time the judge sentenced Rhone to half the amount of his possible maximum sentence. Id.