GRIFFIS, P.J.,
for the Court:
¶ 1. Thomas Hooghe appeals the dismissal of his motion for post-conviction collateral relief (PCCR). Hooghe argues that there was no factual basis to support his guilty plea; he was prejudiced by the amended, superseding indictment; the amended, superseding indictment was the result of prosecutorial vindictiveness and misconduct; and he received ineffective assistance of counsel. We find no error and affirm.
FACTS
¶ 2. On August 5, 2011, DeSoto County Deputy Sheriff Shane Foster saw a car almost come to a complete stop on Interstate 55. He called dispatch and ran the *243 tag number. The dispatcher reported the vehicle had been stolen out of Little Rock, Arkansas. Deputy Foster stopped the vehicle.
¶ 3. Detective Jerry Owensby was dispatched to the scene. Hooghe refused to speak about the car, but told Detective Owensby that he had eaten at a steakhouse in Southaven, Mississippi, and had been driving around. Hooghe would not tell Detective Owensby where he was from or where he was going. Detective Owens-by suspected that Hooghe was driving under the influence, so Hooghe was taken into custody, where he refused to provide a breath sample.
¶ 4. On December 13, 2011, Hooghe was indicted and charged with the crime of receiving stolen property, a violation of Mississippi Code Annotated section 97-17-70 (Supp.2013). On June 29, 2012, the State filed a motion to amend the indictment to charge Hooghe as a habitual offender, under Mississippi Code Annotated section 99-19-81 (Rev.2007).
¶5. On July 18, 2012, a grand jury issued an amended, superseding indictment. Hooghe was charged with the crime of unlawful taking of a motor vehicle, a violation of Mississippi Code Annotated section 97-17-42 (Supp.2013). He was also charged under section 99-19-81 as a habitual offender.
¶ 6. On August 20, 2012, Hooghe pled guilty to the unlawful taking of a motor vehicle. As part of the plea agreement, the habitual-offender charge was dropped in exchange for his guilty plea. The circuit court accepted the guilty plea and sentenced Hooghe to serve ten years in the custody of the Mississippi Department of Corrections.
¶7. Hooghe filed documents with the Circuit Court of DeSoto County. On January 22, 2013, the circuit judge entered an order that directed the circuit clerk to file Hooghe’s documents and to treat the filed documents as a PCCR motion. In the documents, Hooghe claimed ineffective assistance of counsel, the indictment was defective, and his right to a speedy trial was violated. By order dated May 6, 2013, the circuit judge dismissed Hooghe’s PCCR motion. It is from this judgment that Hooghe now appeals.
STANDARD OF REVIEW
¶ 8. This Court will not reverse a trial court’s dismissal of a PCCR motion unless the trial court’s decision was clearly erroneous. Madden v. State, 75 So.3d 1130, 1131 (¶ 6) (Miss.Ct.App.2011) (citation omitted). When reviewing questions of law, this Court’s standard of review is de novo. Id. (citing Brown v. State, 731 So.2d 595, 598 (116) (Miss.1999)).
ANALYSIS

I. Whether the trial court erred in accepting Hooghe’s guilty plea.

¶ 9. Hooghe asserts that the trial court had no factual basis to ascertain that Hooghe had any connection to the car theft in Arkansas. Also, Hooghe contends that because the car was stolen in another state, DeSoto County did not have jurisdiction to proceed.
¶ 10. Uniform Rule of Circuit and County Court 8.04(A)(3), titled “Entry of Guilty Plea,” provides:
Voluntariness. Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
*244 (Emphasis added). In Turner v. State, 961 So.2d 734, 736-37 (¶ 6) (Miss.Ct.App.2007), this Court held that a defendant’s admission of guilt amounts to an adequate factual basis, as does any record evidence before the trial court.
¶ 11. The following exchange occurred at the plea hearing:
Court: Do you understand that you’re in the Circuit Court of DeSoto County and that you’re offering a plea of guilty to the charge of unlawful taking of a motor vehicle?
Hooghe: I understand.
Court: Would the [Sjtate please give me a factual basis for the charges against Mr. Hooghe?
State: If this case were to go to trial, the [Sjtate would prove by admissible and credible evidence and beyond a reasonable doubt that Thomas Hooghe did on or about August 5, 2011, willfully, unlawfully, feloniously and without authority take possession of or take away a motor vehicle, that being one 2003 Infiniti G35 of any value belonging to Robert McCarville, with the intent to either permanently or temporarily convert or to permanently or temporarily deprive the owner of possession or ownership.
The facts would more specifically show that the vehicle listed in the indictment was stolen from Little Rock, Arkansas, prior to August 5, 2011. The victim, Robert McCarville, stated that he had left it, I believe, in the parking lot of a YMCA in Little Rock. He would testify that he does not know this defendant nor did he give this defendant permission to have his vehicle.
The [Sjtate would also call Officer Shane Foster with the DeSoto County Sheriffs Department, who would testify that he conducted a traffic stop on that vehicle and that he ran the tag, that it came back reported stolen out of Arkansas, that this defendant, Mr. Hooghe, was driving the vehicle, and that he was taken into custody at that time.
These events occurred within DeSoto County, Mississippi, therefore within this court’s jurisdiction and venue.
[[Image here]]
Court: Mr. Hooghe, do you understand and recall the events bringing you here today, sir?
Hooghe: One correction, sir. The arrest was August 4. That might come in down the road somewhere. It was before midnight on August 4. She [ (the prosecutor) ] says August 5.
[[Image here]]
Court: All right. Other than that date, Mr. Hooghe, do you have any disagreements with the factual basis as set out by the prosecutor?
Hooghe: I do not.
¶ 12. Section 97-17-42 is titled “Taking possession of or taking away a motor vehicle.” This section provides:
Any person who shall, willfully and without authority, take possession of or take away a motor vehicle of any value belonging to another, with intent to either permanently or temporarily convert it or to permanently or temporarily deprive the owner of possession or ownership, and any person who knowingly shall aid and abet in the taking possession or taking away of the motor vehicle, shall be guilty of a felony and shall be punished by commitment to the Department of Corrections for not more than ten (10) years.
Miss.Code Ann. § 97-17-42(1).
¶ 13. Hooghe expressly acknowledged under oath that he understood the charge *245 he was pleading guilty to and its factual basis. He was also advised of his rights and the claims he was waiving by pleading guilty. We find that there was an adequate factual basis for the trial court to determine that Hooghe was in fact guilty of car theft. In fact, the State informed the court that the State could prove that “Thomas Hooghe did on or about August 5, 2011, willfully, unlawfully, feloniously and without authority take possession of or take away a motor vehicle, that being on 2003 Infiniti G35 of any value belonging to Robert McCarville, with the intent to either permanently or temporarily convert or to permanently or temporarily deprive the owner of possession or ownership.” Hooghe then agreed that the State had sufficient evidence to prove these facts. Thus, we find that the factual basis offered by the State was sufficient to prove each element of the crime.
¶ 14. The law presumes that a defendant prepares the plea petition “with an appreciation of its fateful consequences.” Ward v. State, 879 So.2d 452, 455 (¶ 11) (Miss.Ct.App.2003). Thus, we cannot find that the trial court was clearly erroneous. Therefore, we find that Hooghe’s claim is without merit.
¶ 15. As part of this issue, Hooghe also asserts that jurisdiction was improper in DeSoto County because the car was stolen in Arkansas. Mississippi Code Annotated section 99-11-23 provides:
Where property is stolen in another state or country and brought into this state, or is stolen in one county in this state and carried into another, the offender may be indicted and tried in any county into or through which the property may have passed, or where the same may be found.
This applies to the crime of larceny. See Brown v. State, 281 So.2d 924, 927 (Miss.1973).
¶ 16. Here, the car was stolen from Arkansas. Hooghe was driving the car in Mississippi. Accordingly, based on section 99-11-23, DeSoto County had proper jurisdiction and venue. We find no merit to this argument.

II. Whether Hooghe was prejudiced by the amended, superseding indictment.

¶ 17. Hooghe claims that he was prejudiced when the grand jury handed down an amended, superseding indictment, which replaced the original indictment. Hooghe asserts that he was surprised by the new indictment, because he was not notified that the State intended to seek a new indictment. The State, he claims, failed to follow the law regarding the amendment of an indictment.
¶ 18. As noted in the facts, Hooghe was initially indicted for receiving stolen property. The State filed a motion to amend the indictment, which was served on Hooghe on June 29, 2012. The motion to amend the indictment provided that the amendment was “one of form and not of substance.” The State, pursuant to Uniform Rule of Circuit and County Court 7.09, moved the trial court to amend Count 1 of the indictment to include Hooghe’s previous convictions and status as a habitual offender. An amended, superceding indictment was returned by a second grand jury. In this indictment, Hooghe was charged with the unlawful taking of a motor vehicle, as a habitual offender.
¶ 19. In Montgomery v. State, 891 So.2d 179, 185 (¶ 22) (Miss.2004), the Mississippi Supreme Court held that “[t]he question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by th[e] Court.” (Quoting Nguyen v. State, 761 So.2d 873, 874 (¶ 3) (Miss.2000)). “It *246 is fundamental that courts may amend indictments only to correct defects of form[;] however, defects of substance must be corrected by the grand jury.” Montgomery, 891 So.2d at 185-86 (¶ 22) (quoting Evans v. State, 813 So.2d 724, 728 (¶ 21) (Miss.2002)).
¶ 20. In Doss v. State, 119 So.3d 1070, 1073 (¶ 12) (Miss.Ct.App.2012), Doss argued that he was unaware of the amendment to his indictment prior to the day of his guilty-plea hearing. This Court found that Doss was not unfairly surprised, because his guilty-plea petition reflected that Doss was aware of a possible sentence enhancement and his previous conviction. Id. at 1074 (¶¶ 15-16). In addition, the Court found no merit to Doss’s argument, because Doss “knowingly entered his guilty plea.” Id. at (¶ 16).
¶ 21. Here, the form and substance of the indictment were amended. The State filed a motion to amend the form of the indictment to include Hooghe’s prior convictions, pursuant to Rule 7.09. The substance of the indictment was amended by a grand jury. This changed the charge against Hooghe to the crime of unlawful taking of a motor vehicle as a habitual offender, rather than receipt of stolen property. Pursuant to the plea agreement, the habitual-offender status was dropped, and Hooghe pled guilty to one count of unlawful taking of a motor vehicle. Hooghe signed the guilty-plea petition and was present for the guilty-plea hearing. He acknowledged that he committed the crime he was charged with. Thus, we find no merit to Hooghe’s argument that he was prejudiced by the amended, superseding indictment.
¶ 22. Further, Hooghe contends that he should have been notified of the State’s intention to impanel a grand jury to amend the indictment. Mississippi Code Annotated section 13-7-29 (Rev. 2012) provides:
Grand jury proceedings are secret, ... [and][t]he only persons who may be present in the state grand jury room when a state grand jury is in session, except for deliberations and voting, are the state grand jurors, the Attorney General or his designees, an interpreter if necessary and the witness testifying.
Hooghe, as a defendant, was not entitled to notification of the grand-jury proceedings; but he was entitled to be notified of the charges against him: “The primary purpose of an indictment is to notify an accused of the charges against him in order to allow him to prepare an adequate defense.” White v. State, 958 So.2d 241, 244 (¶ 10) (Miss.Ct.App.2007) (quoting Brown v. State, 944 So.2d 103, 106 (¶ 8) (Miss.Ct.App.2006)).
¶ 23. Here, once notified of the charge against him, Hooghe decided to plead guilty. He signed a guilty-plea petition and was present for his guilty-plea hearing. Thus, we find no merit to this argument.

III. Whether the amended, superseding indictment was the result of prosecutorial vindictiveness and whether the prosecutor exhibited misconduct.

¶ 24. Hooghe asserts that the second indictment was the result of prosecutorial vindictiveness. Specifically, Hooghe claims that the State sought to amend the indictment for the sole purpose of punishing him. Hooghe argues that the State has shown no material circumstances that would support its seeking a superseding indictment. Hooghe claims that the superseding indictment increased his possible sentence from ten years to fifteen years. Hooghe also asserts that prosecu-torial misconduct occurred.
*247 ¶ 25. During his plea hearing, Hooghe never claimed prosecutorial vindictiveness or misconduct, nor did he ever mention it. This assertion is made for the first time on appeal. Because this issue was not raised before the trial court, it is waived. Reed v. State, 118 So.3d 157, 161 (¶ 16) (Miss.2013). Notwithstanding this waiver, we will address both claims.
¶ 26. “The doctrine of prose-cutorial vindictiveness ‘precludes action by a prosecutor that is designed to penalize a defendant for invoking any legally protected right available to a defendant during a criminal prosecution.’ ” Russell v. State, 79 So.3d 529, 539 (¶ 28) (Miss.Ct.App.2011) (quoting Garlotte v. State, 915 So.2d 460, 467 (¶ 23) (Miss.Ct.App.2005)). There is a presumption of prosecutorial vindictiveness where there is a reasonable likelihood that the sentence is a product of prosecu-torial vindictiveness on the part of the sentencing authority. Id. Where no such likelihood exists, the burden is on the defendant to prove actual vindictiveness. Id.
¶ 27. Here, the State recommended to the trial court that it sentence Hooghe to a term of ten years as a non-habitual offender. Based on this recommendation and the trial court’s decision to sentence Hooghe to ten years, Hooghe’s sentence was not increased. Hooghe received the same sentence under the superseding indictment that he could have received under the original indictment. Because his habitual-offender status was dropped, he did not receive a sentence enhancement. Hooghe has failed to prove prosecutorial vindictiveness. Thus, we find no merit to this issue.
¶28. Hooghe also argues that prosecutorial misconduct occurred. Hooghe ascertains that after he filed a lawsuit against the DeSoto County Sheriff and Lieutenant Chad Wicker challenging conditions at the jail, he was informed by Lieutenant Wicker that his indictment had been amended to include his habitual-offender status. He claims that the State improperly discussed his case with Lieutenant Wicker, and he suggests that the State filed a motion to amend his indictment to include habitual-offender status out of spite.
¶29. Again, there is no indication of prosecutorial misconduct. Hooghe has offered no evidence to support this claim, and there is no indication that the State was acting in a spiteful manner to punish Hooghe. Further, the State’s recommendation that Hooghe should be sentenced to ten years was identical to the sentence Hooghe could have received had he pled guilty to the original indictment. Thus, we find no merit to this issue.

IV. Whether Hooghe received ineffective assistance of counsel.

¶ 30. Finally, Hooghe claims that he received ineffective assistance of counsel.
¶ 31. To prove ineffective assistance of counsel, Hooghe must prove: “(1) his counsel’s performance was deficient, and (2) this deficiency prejudiced his defense.” Evans v. State, 114 So.3d 778, 782 (¶ 13) (Miss.Ct.App.2013) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The burden of proof rests with Hooghe to show both prongs. Id. (citing McQuarter v. State, 574 So.2d 685, 687 (Miss.1990)). Pursuant to Strickland, there is a strong presumption that counsel’s performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. To overcome this presumption, Hooghe must show that there exists “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052.
*248 ¶ 32. Because this case involves a guilty plea, Hooghe has to show that, but for his counsel’s performance, he would have gone to trial and the outcome would have been different. See Mitchell v. State, 58 So.3d 59, 62 (¶ 15) (Miss.Ct.App.2011). Hooghe has not met this burden.
¶ 33. Hooghe has not offered any evidence to show that his counsel’s performance amounted to ineffective assistance. Hooghe claims that his counsel failed in his responsibility to properly advise him of the facts surrounding his indictment, which Hooghe asserts could not have sustained a conviction. Hooghe argues that his guilty plea was unknowing and involuntary, and his decision to plead guilty was based on erroneous advice from his counsel. Furthermore, Hooghe asserts that his counsel failed in his duty to investigate the facts and circumstances of the case.
¶ 34. Such allegations directly contradict Hooghe’s statements made under oath at his guilty-plea hearing. Hooghe testified that he had read the plea petition and that he understood that he was giving up his right to appeal by offering a plea of guilty. Hooghe testified that he knew and understood that he may not receive any parole or early release and that any sentence he was given for the charge may have to be served day-for-day. Hooghe testified that he had discussed everything with his counsel, that he was satisfied with his counsel’s representation, that his counsel had made himself available to him at all reasonable times and places, and that he had no complaints against his counsel. Hooghe testified that he committed the crime as charged in the indictment, and that the decision to plead guilty was his and not his counsel’s.
¶ 35. We find no merit to Hooghe’s claim of ineffective assistance of counsel. We affirm the judgment of the circuit court.
¶ 36. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.