# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00056-COA

**MALCOLM CRUMP A/K/A MALCOLM CORDEZ CRUMP**    APPELLANT

**v.**

**STATE OF MISSISSIPPI**    APPELLEE

DATE OF JUDGMENT:                12/13/2017
TRIAL JUDGE:                     HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:       GRENADA COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:         ROBERT FRED LINGOLD JR.
                                 VICKI L. GILLIAM
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 07/30/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., TINDELL AND McCARTY, JJ.**

**TINDELL, J., FOR THE COURT:**

¶1.    Malcolm Crump appeals the denial of his petition for post-conviction relief (PCR) by

the Grenada County Circuit Court.  Crump argues that the circuit court erred by denying his

petition because: (1) the prosecution breached its plea agreement to dismiss Crump's habitual

offender and subsequent offender enhancements, and (2) he was illegally sentenced as a

habitual offender because the State failed to meet its burden beyond a reasonable doubt.

Upon review, we find no error and affirm the circuit court's denial of Crump's PCR petition.

## FACTS

¶2.    A grand jury indicted Crump on three separate charges of "Sale of a Schedule II

Controlled Substance-Methamphetamine" (Indictment Nos. 2015-047, 2015-048, and 2015-049) in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2013). Each indictment included two enhancements—one as a second or subsequent offender under Mississippi Code Annotated section 41-29-147 (Rev. 2013) for a prior conviction of "Possession of Marijuana in a Vehicle" on November 25, 2014, and another as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007) for "Business Burglary and Automobile Burglary." After entering a plea agreement with the prosecution, Crump pled guilty to all three charges on January 11, 2016. Crump's understanding of his plea agreement with the prosecution, as documented in his plea petition, would sentence him to the following: 20 years in the custody of the Mississippi Department of Custody (MDOC) for Cause No. 2015-047, 8 years in MDOC custody for Cause No. 2015-048, and 8 years in MDOC custody for Cause No. 2015-049. In exchange for Crump's guilty plea, the prosecution would dismiss the habitual offender and subsequent offender enhancements. Crump would also be eligible for parole. The circuit court accepted Crump's guilty plea and allowed him to remain free on bail until his sentencing hearing on February 1, 2016.

¶3. Crump accepted his guilty plea but then fled from Mississippi to Alaska and did not appear for his sentencing hearing. Crump's bail was revoked, and after a warrant was issued for his arrest, Crump was extradited from Alaska. He finally appeared before the circuit court on June 7, 2016, for his sentencing hearing, and the circuit court sentenced Crump with the second or subsequent offender and habitual offender enhancements. As such, Crump was sentenced to 40 years in MDOC's custody for Cause No. 2015-047, 16 years in MDOC's

2

custody for Cause No. 2015-048, and 16 years in MDOC's custody for Cause No. 2015-049.

¶4.     Crump's new sentence no longer made him eligible for parole.  Following his sentencing, Crump filed a PCR petition with the circuit court for all three convictions on November 22, 2017.  The circuit court denied his motion on December 13, 2017, and Crump now appeals this decision.

## STANDARD OF REVIEW

¶5.     This Court reviews the dismissal or denial of a PCR motion for abuse of discretion, and we will only disturb the circuit court's decision if it is clearly erroneous.  *West v. State*, 226 So. 3d 1238, 1239 (¶3) (Miss. Ct. App. 2017).  Where the circuit court's decision is based upon questions of law, our standard is de novo.  *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

## ANALYSIS

### I.     Breach of the Plea Agreement

¶6.     Crump first contends that the prosecution breached its plea agreement by introducing evidence of Crump's second or subsequent offender and habitual offender status and requesting that the circuit court sentence Crump accordingly, after agreeing to dismiss all enhancements in exchange for Crump's guilty plea.  Because of this alleged prosecutorial breach, Crump argues that the circuit court erred by refusing to grant his PCR petition to set aside his current sentence with enhancements and re-sentence him pursuant to the original plea agreement.  But the contention of both the circuit court and the prosecution is that Crump breached the plea agreement by absconding before sentencing, thereby allowing the

3

State of Mississippi to pursue the second or subsequent and habitual offender enhancements at the sentencing hearing.

¶7.    "A plea agreement is contractual in nature." *Moore v. State*, 938 So. 2d 1254, 1258 (¶9) (Miss. Ct. App. 2006). The agreement involves two parties—the State and the defendant. The prosecution can be bound by its plea agreement with a defendant, particularly in cases where the defendant detrimentally relied upon the agreement. *Evans v. State*, 899 So. 2d 890, 894 (¶15) (Miss. Ct. App. 2004). A criminal defendant is bound by the plea agreement in such a way that a breach of the agreement terminates the agreement as if it never existed, giving the State all of its powers of prosecution. *Moore*, 938 So. 2d at 1258 (¶9). The circuit court, however, has no obligation to comply with an agreement of the parties and retains full discretion to sentence a defendant according to the applicable law regardless of a plea agreement. *Morris v. State*, 917 So. 2d 799, 800 (¶4) (Miss. Ct. App. 2005).

¶8.    Crump primarily cites to the cases of *State v. Adams County Circuit Court*, 735 So. 2d 201 (Miss. 1999), and *Santobello v. New York*, 404 U.S. 257 (1971), in support of his position that the State breached the plea agreement. In *State v. Adams County Circuit Court*, 735 So. 2d at 202 (¶1), two defendants entered into a plea agreement with the State, wherein the State agreed to dismiss one set of charges against the defendants in exchange for their guilty plea for a separate set of charges. The defendants pled guilty before one circuit court judge, but another circuit court judge heard the State's motion to dismiss and refused to dismiss the charges since she was not previously aware of the parties' plea agreement. *Id.*

4

at 202-03 (¶¶2-3). The Mississippi Supreme Court disagreed, holding that because the defendants detrimentally relied upon the terms of their plea agreement with the State when they pled guilty, the circuit court judge erred by refusing to grant the dismissal. *Id*. at (¶11).

¶9.    In *Santobello v. New York*, 404 U.S. at 258, the defendant entered into a plea agreement with the State of New York, wherein the defendant would plead to a lesser-included offense and the State agreed not to make a sentence recommendation. Before the sentencing hearing, a new prosecutor took over the defendant's case and recommended the maximum one-year sentence, which the trial court imposed. *Id.* at 259-60. The case ultimately came before the United States Supreme Court, which held that the "petitioner 'bargained' and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor." *Id*. at 262. The Supreme Court reversed and remanded the case to the state court, noting that the fault rested upon the prosecutor for failing to uphold his obligations of the plea agreement, and not the sentencing judge. *Id*. at 263.

¶10.    Crump's case, however, includes one important factor missing from both *Adams County* and *Santobello*. Crump fled the state to Alaska and did not appear before the circuit court for sentencing until almost five months after negotiating this plea agreement with the State. We have held that this very conduct constitutes a breach of the agreement by *the defendant*, not the prosecution. *Rhone v. State*, 957 So. 2d 1018, 1022 (¶14) (Miss. Ct. App. 2006). As the circuit court here articulated, however, Crump's conduct was much more egregious than that in *Rhone*. Rhone negotiated with the State for a one and one-half year

5

sentence and appeared at the courthouse for sentencing, but he fled before the hearing began. *Id*. at 1020-21 (¶5). Rhone ultimately received a thirty-year sentence. *Id*. This Court affirmed Rhone's sentence, finding that Rhone was made aware of the importance of appearing at his sentencing hearing, and as such, he could not "use his own conduct as a basis for prosecutorial misconduct." *Id*. at 1022 (¶14).

¶11. Here, Crump negotiated with the State to receive a reduced sentence and then fled the state entirely. "[I]mplicit in every such plea agreement is the defendant's obligation to appear for sentencing[,]" and failure to do so acts as the defendant's breach of the agreement, ending any obligation on the part of the State. *United States v. David*, 58 F.3d 113, 115 (4th Cir. 1995). We agree with the circuit court that, by failing to appear for sentencing, Crump, not the State, breached the plea agreement. Accordingly, we affirm the circuit court's denial of Crump's PCR petition on this issue.

## II. Habitual Offender Enhancement

¶12. Crump also contends that the circuit court erred in denying his PCR petition after he was illegally sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015). When a defendant is indicted as a habitual offender, "the circuit court judge is to serve as the finder of fact in determining whether the habitual-offender part of the indictment is established by the requisite degree of proof." *Conner v. State*, 138 So. 3d 143, 151 (¶20) (Miss. 2014). The State bears the burden of proving the defendant's habitual offender status beyond a reasonable doubt. *Short v. State*, 929 So. 2d 420, 426 (¶16) (Miss. Ct. App. 2006). Specifically, the State must produce "sufficient

6

evidence the defendant was 'convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times' and for which the defendant was sentenced to separate terms of at least one year's imprisonment." *Id*. (quoting *Vince v. State*, 844 So. 2d 510, 517 (¶22) (Miss. Ct. App. 2003)).

¶13.    At the sentencing hearing, the State presented Crump's judgments of conviction for both counts, wherein he was sentenced to five years for each count to serve concurrently. The State also presented Crump's indictment of the two counts, which read as follows:

COUNT I:

MALCOLM CRUMP AND JAMERSON HARDIMAN

on or about April 3, 2008, in Grenada County, Mississippi, and within the jurisdiction of this Court, while acting in concert and/or aiding, abetting, assisting or encouraging each other did wilfully, unlawfully, feloniously and burglariously **break and enter a building known as Auto Advantage**, located at 23460 Highway 8 East, Grenada, Mississippi, **the property of Bradley Neatherly**, with the wilful, unlawful, and felonious intent to take, steal and carry away the goods, merchandise, equipment or valuable things kept there for use, sale, deposit, or transportation, constituting a related series of acts or transactions or a common scheme or plan, in violation of Section 97-17-33 of the Mississippi Code of 1972, as amended, and against the peace and dignity of the State of Mississippi,

COUNT II:

MALCOLM CRUMP AND JAMERSON HARDIMAN

on or about April 3, 2008, in Grenada County, Mississippi, and within the jurisdiction of this Court, while acting in concert and/or aiding, abetting, assisting or encouraging each other did wilfully, unlawfully, feloniously and burglariously **break and enter a 1992 Buick Roadmaster (Tag Number 675 LRW)**, **the property of Kedrick Anderson**, **while the property was located at Auto Advantage**, 23460 Highway 8 East, Grenada, Mississippi, with the wilful, unlawful, and felonious intent to take, steal and carry away the goods, merchandise, equipment or valuable things kept there for use, sale, deposit, or

7

transportation, constituting a related series of acts or transactions or a common scheme or plan, in violation of Section 97-17-33 of the Mississippi Code of 1972, as amended, and against the peace and dignity of the State of Mississippi.

¶14. The circuit court considered both the judgments of conviction and the pertinent indictment language listed above and found that Crump's two prior convictions occurred at different times during the same day and involved separate and distinct sets of facts and circumstances.

¶15. Crump argues that the State failed to establish beyond a reasonable doubt that the two prior charges arose out of separate incidents occurring at different times. Crump further argues that the only evidence presented to establish his habitual offender status actually supports his contention that the two prior felonies of business burglary and automobile burglary occurred at the same address on the same day at the same time and that he was sentenced concurrently for both counts. Mississippi Code Annotated section 99-19-81 provides that a habitual offender's prior felonies must be considered "separate incidents" occurring at "different times." But as the Mississippi Supreme Court recognized in *Pittman v. State*, 570 So. 2d 1205, 1206 (Miss. 1990), the statute's language offers no bright-line rule as to "how distant in time the prior criminal acts must be." Prior felonies can be considered separate and distinct crimes even if the incidents occurred on the same date. *Id.* at 1207. In order for an offender's criminal activity to be labeled habitual, "the events should be sufficiently separate that the offender's criminal passions may have cooled so that he has time to reflect, and if after such an interval the individual forms and actualizes a new criminal design." *Id.* at 1206. Prior felonies can also be considered separate and distinct

8

regardless of their similar locales. *Id.*

¶16.  In *Bergeron v. State*, 60 So. 3d 212, 216 (¶11) (Miss. Ct. App. 2011), the defendant's prior felonies were burglary and theft, both occurring at the same car dealership on the same day.  Because the defendant "broke into the car dealer's office, stole a set of keys, and used the keys to take the car from the [same] dealer," we held that "[t]here was only one victim and one intent, to steal a car." *Id.*  Accordingly, we held that the defendant could not be considered a habitual offender under these circumstances. *Id.*

¶17.  In *Riddle v. State*, 413 So. 2d 737, 738 (Miss. 1982), the defendant was sentenced as a habitual offender after he was charged with the kidnap and rape of a child and for burglary of the same child's home.  The Supreme Court found that because the defendant broke into the child's home, immediately went and took the child from her room and raped her, this constituted one single incident, which precluded the application of the habitual offender statute. *Id.*

¶18.  But in *Pittman*, the defendant burglarized one school and then, on the same day, burglarized a second school located in close proximity to the first school. *Pittman*, 570 So. 2d at 1206.  The Supreme Court noted:

> [I]f Pittman broke and entered one room in the Wilson Elementary School, and finding nothing of value, then moved to another room in the same school and thereafter stole the three televisions sets *from that room*, we would consider the union of these acts sufficient that they would constitute but a lone incident under the statute.

*Id.* at 1207.  Because Pittman broke into one school, found nothing of value, and then broke into a different school, even "as quickly as one could physically accomplish these acts," the

9

crimes were still separate incidents occurring at different times. *Id*.

¶19. Similarly, in *Burt v. State*, 493 So. 2d 1325, 1329 (Miss. 1986), the defendant was sentenced as a habitual offender on a forgery conviction after evidence was presented that he had been convicted twice before of burglary. The facts established that Burt broke into and entered two separate dwellings located at the same address but belonging to two separate individuals. *Id*. Both burglaries occurred on the same day. *Id*. The Supreme Court found, however, that even though the burglaries occurred at the same location on the same day, the facts proved beyond a reasonable doubt that two separate and unrelated crimes had occurred, thereby allowing Burt to be sentenced as a habitual offender. *Id* at 1329-30.

¶20. Each of the above-referenced cases involved prior crimes which occurred on the same day and in close proximity to each other. But there are important distinctions that separate the facts in *Bergeron* and *Riddle* from *Pittman* and *Burt*. *Bergeron* and *Riddle* both involved two crimes committed against one victim and on one piece of property. *Riddle*, 413 So. 2d at 738; *Bergeron*, 60 So. 3d at 216 (¶11). Bergeron's burglary of the car dealership was used to facilitate the theft of the dealership's car. *Bergeron*, 60 So. 3d at 216 (¶11). Riddle broke into his victim's home, thereby facilitating the kidnapping and rape of the child in the home. *Riddle*, 413 So. 2d at 738. Because of the singularity of the actions in both cases, it could not be said that the defendants' criminal passions had subsided, thereby allowing time to form a new criminal design. *Riddle*, 413 So. 2d at 738; *Bergeron*, 60 So. 3d at 216 (¶11). In both *Bergeron* and *Riddle*, the appellate courts found the habitual offender status inapplicable. *Riddle*, 413 So. 2d at 738; *Bergeron*, 60 So. 3d at 216 (¶11).

10

¶21.    In both *Pittman* and *Burt*, however, the defendants broke into two separate buildings belonging to two separate victims and committed two separate crimes therein. *Burt*, 493 So. 2d at 1329-30; *Pittman*, 570 So. 2d at 1206. Pittman's burglary of one school was not used to further any crimes committed in the neighboring school, regardless of the timing or locale. *Pittman*, 570 So. 2d at 1206. Likewise, Burt separately broke into and entered two dwellings occupied by two separate individuals, and neither crime was necessary to facilitate the other. *Burt*, 493 So. 2d 1329. The fact that Pittman and Burt committed two very distinct crimes allowed for application of the habitual offender statute in their respective sentences. *Burt*, 493 So. 2d at 1330; *Pittman*, 570 So. 2d at 1207.

¶22.    In the present case, Crump first broke into Auto Advantage, the property of Bradley Netherly. Crump then discovered a 1992 Buick Roadmaster, belonging not to Auto Advantage or Netherly, but to Kedrick Anderson. Crump then broke into the Buick with the intent to steal it. Crump's prior crimes occurred in close proximity to each other and on the same day, but they involved two separate pieces of property belonging to two different individuals. Had Crump broken into Auto Advantage and stolen one of the business's cars or broken into Anderson's home and stolen the Buick, these facts would be more analogous to that of *Bergeron* and *Riddle*. But Crump's burglary of Auto Advantage was not necessary to facilitate his burglary of Anderson's Buick. Although both crimes occurred on the same day, the evidence suggests that after breaking into and entering Auto Advantage, Crump's criminal passions could have "cooled off," thereby allowing him to discover Anderson's vehicle and form a new criminal design to burglarize it. The circuit court found the commercial burglary of Auto Advantage and the automobile burglary of Anderson's Buick

11

constituted two separate incidents occurring at different times, thereby solidifying Crump's habitual offender status. We find no error with the circuit court's decision.

## CONCLUSION

¶23. Crump negotiated a plea agreement with the State, wherein the State would dismiss all enhancements in exchange for Crump's plea of guilty. Implicit in that agreement was Crump's obligation to appear for his sentencing hearing. Because he failed to do so, Crump breached his plea agreement, and the State was no longer bound by its agreement to dismiss the enhancements. We find no error in the circuit court's denial of Crump's petition for this reason.

¶24. Further, Crump broke into and entered two separate pieces of property belonging to two separate individuals without using one crime to facilitate the other. The circuit court found that the facts of Crump's prior felonies showed beyond a reasonable doubt that Crump committed two separate incidents at two different times, thereby allowing Crump to be sentenced as a habitual offender. We agree with the circuit court and find that the circuit court did not abuse its discretion in denying Crump's petition on this issue. We therefore affirm the judgment of the circuit court.

¶25. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**